**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| Plaintiff, | : | **No. 2:15CR00148-001 (GCS)** |
| | : | |
| vs. | : | **18 U.S.C. § 371** |
| | : | |
| **KAREN L. FINLEY**, | : | **JUDGE SMITH** |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through the undersigned attorneys, respectfully

submits this memorandum in aid of the sentencing hearing for defendant Karen L. Finley. For

the reasons set forth herein, the government respectfully requests that the Court impose a

sentence of between 27-33 months to be served concurrently with any term of imprisonment

ordered by the district court in the Northern District of Illinois.

On June 19, 2015, the defendant waived indictment and pled guilty to a one-count

information charging her with Conspiracy to Commit Bribery Concerning Programs Receiving

Federal Funds and Honest Services Wire Fraud, in violation of 18 U.S.C. § 371. Pursuant to a

plea agreement and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties

stipulated that: (1) the defendant's base offense level is a level 12 pursuant to United States

Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 2C1.1(a); (2) because the

offense involved more than one bribe, the defendant's base offense should be increased by two

levels pursuant to U.S.S.G. § 2C1.1(b)(1); (3) pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1,

the things of value and benefits received totaled $70,000 or more, thereby increasing the defendant's base offense level by eight levels; and (4) pursuant to U.S.S.G. § 2C1.1(b)(3), the defendant participated in a bribery conspiracy involving elected public officials, thereby warranting a four level increase. The parties further agreed that the defendant's total offense level, when accounting for these stipulations (and including a three level reduction for her timely acceptance of responsibility), was a level 23 (46-57 months).

The stipulations set forth above are not binding on the Court and, instead, are offered by the parties to assist the Court in determining the appropriate guidelines range. With the exception of the defendant's Criminal History Category and the imposition of a concurrent sentence,[1] the Court remains free to impose the sentence it deems appropriate.

Finally, since entering her guilty plea, the Sentencing Guidelines have been modified in a manner that impacts the defendant's guidelines calculation. Effective November 1, 2015, the fraud loss table located in U.S.S.G. § 2B1.1 was amended to account for inflation. Under the current version of the Sentencing Guidelines, a defendant's offense level is increased by six levels if the loss exceeds $40,000, but is less than $95,000, and eight levels if the loss is between

---

[1] Pursuant to Rule 11(c)(1)(C), the parties agreed in the plea agreement that any sentence of imprisonment and term of supervised release imposed in this matter will run concurrently with any sentence of imprisonment and supervised release imposed in *United States v. Karen Finley, et al.*, Case No. 1:14CR134-3, which is pending in the Northern District of Illinois. *See* Plea Agreement ¶ 4. In addition, if the defendant is sentenced in the Northern District of Illinois before sentence is imposed in this case, a downward variance to Criminal History Category I is warranted, pursuant to U.S.S.G. § 4A1.3(b)(1). Specifically, any criminal history points assigned for a sentence in that case would substantially over-represent the seriousness of the defendant's criminal history in the present case. The defendant's conduct in the Northern District of Illinois is independent of the conduct in Ohio, but similar conduct that occurred during an analogous timeframe as the conduct in this matter. Having accepted the parties' plea agreement, the Court is now bound by these two stipulations.

$95,000 and $150,000. Prior to the amendment, and at the time of the defendant's conduct here, an eight level enhancement applied to losses greater than $70,000 but less than $120,000.

If the Court applies the 2015 Guidelines Manual, incorporating all guideline amendments, the government acknowledges that the advisory guideline calculation should result in a two level reduction under U.S.S.G. §§ 2B1.1 and 2C1.1(b)(2)(C). The government, in the interest of fairness, does not object to the Court increasing the defendant's guideline calculation by only six levels instead of eight levels.

When accounting for the items set forth above, including the defendant's timely acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a)-(b), the parties agree that the defendant's advisory guideline range is a Level 21 (37-46 months). For the reasons set forth below, the government has additionally moved this Court for a three level downward departure pursuant to U.S.S.G. § 5K1.1, due to the defendant's substantial assistance in connection with the investigation of her own misconduct and the misconduct of others. When considering the defendant's substantial assistance and the sentencing factors set forth in 18 U.S.C. § 3553(a), the government respectfully requests that the Court sentence the defendant to a term of imprisonment of **27-33 months**, which is within the guideline range for Level 18.

## I. **Background**

### A. **The Defendant's Admitted Conduct**

The defendant was the President and Chief Executive Officer of Reflex Traffic Systems, Inc. ("Redflex") (referred to as "Company A" in the Information) from in or about December 2005 to in or about February 2013. Redflex was a Delaware corporation with its headquarters located in Phoenix, Arizona. Redflex's reported business focus was to enhance public safety

through the use of technologies, such as red-light and speed photo enforcement solutions. Among other things, Redflex operated photo enforcement systems in numerous cities in the United States and Canada, including several cities in the State of Ohio. Factual Basis for Plea ¶¶ 1-4; Information ¶¶ 1-5

According to admissions made in connection with her plea, the defendant acknowledged that, during the time period in which she ran Redflex, the defendant participated in a scheme in which Redflex made conduit campaign contributions to elected public officials in the cities of Columbus and Cincinnati through John P. Raphael (referred to in the Information as "Consultant A"), a consultant and lobbyist in Columbus. The defendant and others, including Redflex's Executive Vice President of Sales, Aaron Rosenberg (referred to in the Information as "Executive A"), agreed to provide the conduit campaign contributions with the understanding that the elected public officials would assist Redflex in obtaining or retaining municipal contracts, including a photo red light enforcement contract with the City of Columbus. Factual Basis for Plea ¶¶ 4-6; Information ¶¶ 9-12.

The defendant also admitted she and her co-conspirators concealed the true nature and source of the payments by Raphael's submission and Redflex's payment of false invoices for "consulting services," which funds Raphael then provided to the campaigns of the elected public officials. Rosenberg, the defendant, and others coordinated the fraudulent payments by Redflex to Raphael. The transmission and/or communication of the payments and fraudulent invoices occurred through the use of the U.S. Mail and interstate wire communications. Factual Basis for Plea ¶¶ 7-23; Information ¶¶ 9-12.

During the course of the scheme, Redflex obtained a photo red light enforcement contract with the City of Columbus in or about 2005; extended the contract in or about 2009; modified, extended, and expanded the contract in or about 2010; and attempted to obtain a photo red light enforcement contract with the City of Cincinnati between 2005 and 2008. Factual Basis for Plea ¶¶ 4, 9; Information ¶¶ 11-12. In the aggregate, Redflex and the City of Columbus each received approximately $10 million in revenue from the Columbus contract.

## B.    The Scope and Nature of the Defendant's Cooperation

While cooperating with the government, the defendant provided detailed information to federal law enforcement officers concerning the conduit campaign contribution scheme, Raphael and Rosenberg's roles within it, her own involvement, and the involvement of other, uncharged individuals. The defendant proffered several times with agents in Columbus and, separately, with law enforcement officers involved in a parallel matter in Chicago. The defendant was also prepared to testify against Raphael had the government's prosecution of Raphael proceeded to trial. As to the Chicago matter, the defendant provided trial testimony which, among other things, corroborated information provided by Rosenberg and other witnesses who testified during the government's case-in-chief.

The defendant's assistance was instrumental in several respects. Although she was not the first person to bring the bribery schemes to the attention of investigators in either Columbus or Chicago, the defendant confirmed the existence of the schemes and how they worked. She also reviewed and explained numerous contemporaneous documents, and she corroborated certain parts of the government's incriminating evidence against her and others.

5

By cooperating immediately and extensively, the defendant provided the information to the government in a timely manner, thereby allowing the government enough time to investigate her conduct and the conduct of others and to avoid potential statute of limitations issues. Indeed, the information provided by the defendant directly led to Raphael's guilty plea and the conviction of a public official, John Bills, in Chicago. In addition to testifying during Bills' trial for slightly more than a day, the defendant met with Chicago prosecutors and investigators on approximately five occasions for trial preparation and, in addition, she submitted to proffers by government investigators on approximately two occasions. Finally, the defendant was well-prepared for her in-person meetings with the government, including efforts by her to provide investigators with useful information relating to other uncharged individuals.

In sum, the government has assessed the defendant's cooperation in light of the other available evidence to be substantial, complete, forthcoming, and truthful. She deserves substantial credit for the convictions of Raphael and Bills and her assistance with respect to others.

## II. Argument

### A. The Defendant Is Entitled to a Three-Level Downward Departure Pursuant to U.S.S.G. § 5K1.1

The defendant has fully complied with her obligation to cooperate pursuant to her plea agreement. Accordingly, for the reasons described above, the government moves pursuant to U.S.S.G. § 5K1.1 to reduce the defendant's offense level from level 21 to a final offense level of 18 due to her substantial assistance in the investigation and prosecution of others. Although the defendant's misconduct is serious—and it eroded the public's confidence in the integrity of the legislative and procurement process—her cooperation has exposed significant misconduct by

others.  With the defendant's assistance, the investigation revealed to law enforcement officials and the public the manner and means used by Raphael, Rosenberg, and others to game the system for private advantage in violation of criminal laws and regulatory and ethical requirements.  The government further believes that the disclosure of the defendant's plea agreement and cooperation with the government promoted the swift resolution of Raphael's plea negotiations.

For the reasons set forth above, the defendant deserves substantial credit for the convictions of Raphael and Bills.  The defendant should also receive credit for providing assistance and information regarding other uncharged individuals.  Fairness dictates that the defendant receive a downward departure.  She provided substantial assistance to the government, and she accepted responsibility for her own misconduct in a timely manner.

**B.** **None of the Factors Set Forth in Section 3553(a) Warrant an Additional Downward Variance**

The government respectfully submits that the defendant is not entitled to an additional, downward variance when considering the sentencing factors identified in 18 U.S.C. § 3553(a). Although the defendant is not the most culpable member of the conspiracy, the scheme itself was egregious.  The defendant and her co-conspirators sought to enrich themselves at the expense of the public and Redflex's competitors.  The members of the scheme also took substantial steps to conceal their illegal activity, and their actions caused a substantial breach of the public's trust and enormous harm to the state citizenry and the procurement process in Columbus.

 Under the circumstances, a term of imprisonment of 27-33 months is sufficient, but not greater than necessary, to comply with the purposes set forth in section 3553(a).  Anything less would not adequately reflect the seriousness of the offense, promote respect for the law, provide

just punishment for the offense, or adequately deter others from engaging in similar deceit and

corruption.  The Court should sentence the defendant to a term of imprisonment within Level 18.

**III.** **Conclusion**

In accordance with its motion under U.S.S.G. § 5K1.1, and pursuant to the sentencing factors set forth in 18 U.S.S.G. § 3553, the government respectfully requests that the Court impose a sentence of 27-33 months to be served concurrently with any term of imprisonment ordered by the district court in the Northern District of Illinois.

Respectfully submitted,

BENJAMIN C. GLASSMAN
Acting United States Attorney

Dated:  June 6, 2016          By:      /s J. Michael Marous_____
J. MICHAEL MAROUS (0015322)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Telephone:  (614) 469-5715
Facsimile: (614) 469-5653

RAYMOND N. HULSER
Chief, Public Integrity Section

/s Edward P. Sullivan_____
EDWARD P. SULLIVAN
Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, 12th Floor
Washington, D.C. 20530
Telephone: 202-514-1412
Facsimile: 202-514-3003

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to the attorneys of

record for the defendant.

/s J. Michael Marous_____
J. Michael Marous
Assistant United States Attorney

Dated:  June 6, 2016